IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD W. PFORTER | : | CIVIL ACTION |
| v. | : | |
| BRIAN THOMPSON, et al. | : | NO. 14-551 |

## REPORT AND RECOMMENDATION

ELIZABETH T. HEY, U.S.M.J.                                                                 May 28, 2015

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which Ronald W. Pforter ("Pforter") challenging the revocation proceedings and sentence he received for violating the conditions of his probation. At the time he filed his habeas petition, Pforter was incarcerated at the State Correctional Institution at Mercer, Pennsylvania, but has since been released from custody, having completed his maximum sentence. For the reasons that follow, I recommend that the petition be dismissed as moot.

## I.     FACTS AND PROCEDURAL HISTORY

On August 25, 2008, Pforter pled guilty to false imprisonment and attempted indecent assault. Commonwealth v. Pforter, No. CP-09-CR-0004245-2008, Docket Sheet (Bucks C.C.P.) ("Docket Sheet"). The charges arose from Pforter's attempted molestation of his minor child. Commonwealth v. Pforter, No. CP-09-CR-0004245-2008, Opinion at 1 (Bucks C.C.P. Nov. 14, 2013) ("Trial Ct. Op."). On December 23, 2008, the Honorable Rea Boylan sentenced Pforter to 6 -to- 23 months' incarceration and

24 months' probation on false imprisonment and a concurrent term of 24 months' probation for attempted indecent assault.[1]

On July 7, 2009, Judge Boylan granted Pforter's application for parole. He was subject to multiple conditions of release including that he participate in a sex offender program and comply with the conditions and recommendations of the program. See Docket Sheet. On April 7, 2010, based on his termination from the sex offender program, Pforter was again incarcerated. See Trial Ct. Op. at 3.

On August 11, 2010, after a violation hearing, the Honorable Albert Cepparulo revoked the probation sentences on both charges and resentenced Pforter to 1 -to- 2 years' incarceration on each charge -- false imprisonment and attempted indecent assault -- to be served consecutively. See Docket Sheet. Pforter was given credit for 126 days toward the sentences. Id. Pforter did not appeal his violation sentence.

On January 13, 2011, Pforter filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.A. § 9541. Appointed counsel filed an amended petition complaining that neither his counsel nor the court advised Pforter of his right to appeal and that his sentence was improper because the sentence imposed for his violation exceeded that imposed for the original offense. Commonwealth v. Pforter, No. 4245/2008, Amended Post-Conviction Relief Act Petition (Bucks C.C.P. filed Mar. 30,

---

[1] In response to the petition, the Deputy District Attorney notes that Pforter was subject to lifetime registration under Megan's Law. See Doc. 7 at 2. In his traverse, Pforter denies that he is required to register under Megan's Law. See Doc. 9 at 2. This dispute need not be resolved at this time.

2011).² On August 5, 2013, after several hearings and a change of counsel, Judge Cepparulo denied Pforter's PCRA petition. Commonwealth v. Pforter, No. 4245-2008, Order (Bucks C.C.P. Aug. 5, 2013).

Pforter filed a timely appeal to the Pennsylvania Superior Court, claiming that his rights were violated when neither his counsel nor the court advised him of his appellate rights after he was sentenced for violating probation, and counsel was ineffective for failing to prepare for the violation hearing, and failing to interview and call necessary witnesses. Commonwealth v. Pforter, No. 2393 EDA 2013, Brief for Appellant (Bucks C.C.P. filed Mar. 19, 2014). On August 15, 2014, the Superior Court affirmed the denial of PCRA relief, finding that Pforter had completed serving his sentence and no longer met the jurisdictional requirements of the PCRA. Commonwealth v. Pforter, No. 2393 EDA 2013 at 6-7 (Pa. Super. Aug. 15, 2014).³

While his appeal was pending in the Superior Court, Pforter filed this petition for habeas corpus claiming that he was improperly denied credit towards his sentence, that

---

²In a Supplemental Amended Petition, Pforter argued that his counsel at the violation hearing was ineffective for failing to prepare for the hearing and call necessary witnesses. Commonwealth v. Pforter, No. 4245/2008, Supplemental Amended Post-Conviction Relief Act Petition (Bucks C.C.P. filed June 7, 2011).

³The Superior Court had directed the PCRA court to determine Pforter's custody status before considering his appeal. See Commonwealth v. Pforter, No. 2393 EDA 2013, Order (Pa. Super. June 24, 2014). In response, the PCRA court determined that Pforter was released, having completed his maximum sentence, on April 7, 2014. Commonwealth v. Pforter, No. CP-09-CR-0004245-2008, Order (Bucks C.C.P. June 27, 2014). This date coincides with the notice that Pforter sent to this court regarding his change of address. See Doc. 8.

his counsel at the violation hearing was ineffective for failing to prepare for the hearing, cross-examine the state's witnesses, and challenge the fact that counsel was not present at the initial violation hearing, that his due process rights were violated when he received no advance notice of the initial violation hearing, and that his PCRA counsel was ineffective. See Doc. 1 ¶ 12 GROUNDS ONE – FOUR. At the time the Deputy District Attorney originally responded, she argued that Pforter's claims were unexhausted or procedurally defaulted, and that they lacked merit. See Doc. 7.[4] Pforter filed a traverse. See Doc. 9.

After reviewing the response and learning from the state-court docket that Pforter's appeal had concluded, I ordered the District Attorney to provide a supplemental response. See Doc. 10. In the supplemental response, the Deputy District Attorney argues that the habeas petition is now moot based on Pforter's release. See Doc. 11 at 3-4.[5]

---

[4]The Deputy District Attorney argued that the claims relating to the ineffectiveness of his violation hearing counsel were unexhausted because they were pending in the Superior Court, and that the remainder of the claims were procedurally defaulted because Pforter had not presented them to the PCRA court. See Doc. 7 at 14-15.

[5]The District Attorney also argues that the claims are procedurally defaulted. See Doc. 11 at 4-5. Because I conclude that the petition is now moot, I need not address procedural default.

## II. DISCUSSION

### A. Custody Requirement

A federal district court has jurisdiction to entertain an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 only if the petitioner is "in custody" pursuant to the state court judgment or sentence he is attacking at the time the application is filed. 28 U.S.C. § 2254; Maleng v. Cook, 490 U.S. 488, 490 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968); United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 423 n. 6 (3d Cir. 1975) ("'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court"). Here, Pforter filed his habeas petition while he was still in custody on the convictions he attacks. "[U]nder the [habeas corpus] statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." Carafas, 391 U.S. at 237. Thus, the court has jurisdiction to entertain his petition despite his release. However, based on Pforter's claims and his prayer for relief, Pforter's release from custody renders his petition moot.

### B. Mootness

There is a distinction between the "in custody" jurisdictional requirement of habeas corpus and the mootness doctrine. A habeas petition can be rendered moot if the petitioner is released from custody while his petition is pending if the release effectively provides all of the relief he is seeking. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (release mooted petition when petitioner challenged wrongful termination of his parole

status); see also Granberry v. Brooks, No. 04-0241, 2005 WL 3019102, at *1-2 (W.D. Pa. 2005) (Baxter, C.M.J.) (petition should be dismissed as moot when applicant is no longer challenging legal authority under which he is being held in custody). Thus, if a petitioner files a habeas petition while still in custody for the underlying conviction and completes serving the sentence prior to the court's consideration of the petition, although the court retains jurisdiction, when the petitioner seeks only release, the petition is rendered moot. DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)).

    Here, in his prayer for relief, Pforter asks that his parole violation conviction be overturned, the original sentence be reimposed, and that he be released. See Doc. 1 Prayer for Relief. It thus appears that his ultimate request is release from custody. Having served the maximum sentence and been released from custody, Pforter has obtained the relief he sought. Thus, the petition is moot.

Accordingly, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 28th day of May 2015, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ a habeas corpus filed pursuant to 28 U.S.C. § 2254 be DISMISSED AS MOOT. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. Petitioner may file objections to this Report and Recommendation. <u>See</u> Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ELIZABETH T. HEY

_____
ELIZABETH T. HEY, U.S.M.J.